149 N.J. Super. 326 (1977)
373 A.2d 1000
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NATHANIEL STANLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 18, 1977.
Decided April 28, 1977.
*327 Before Judges FRITZ, ARD and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Mark D. Sperber, Assistant Deputy Public Defender, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Allan J. Nodes, Deputy Attorney General, on the brief).
PER CURIAM.
Defendant Nathaniel Stanley, sentenced to a mandatory term of life imprisonment following his conviction of a charge of first degree murder, appeals from the denial by the trial court of his application for relief from sentence pursuant to R. 3:21-10(b)(2). The ground of the application was his alleged deteriorating state of *328 health caused by a variety of serious and chronic diseases not amenable to adequate treatment in the prison setting.
The threshold question is whether that provision of the rule, which authorizes the court to "amend a custodial sentence to permit the release of a defendant because of [his] illness or infirmity," has any applicability to a mandatory prison sentence from which defendant is not yet eligible for any administrative relief by way of parole. While we appreciate the salutary humanitarian purpose of the rule, State v. Tumminello, 70 N.J. 187 (1976), and while we recognize that our conclusion here is harsh and difficult to reconcile with that purpose, we are nevertheless obliged to hold that the discretion conferred by the rule to change and modify sentences does not extend beyond the scope of initial discretion in sentence imposition. The term of life imprisonment was mandated by law. N.J.S.A. 2A:113-4. And see State v. Belton, 60 N.J. 103, 110-111 (1972). Since there was consequently no judicial discretion to impose any lesser sentence in the first instance, there can be no discretion to reduce it now. The inapplicability of the rule to mandatory sentences has, moreover, been recognized by the Supreme Court's Committee on Criminal Practice, which recommended promulgation of the rule in 1975. See its Report, 99 N.J.L.J. 393, 395 (1976).
We do not reach the question of whether, in lieu of the release of an ill defendant serving a mandatory prison sentence, the court would have the discretion pursuant to the rule to modify the sentence in order to permit his entry into a custodial medical facility. There was no demonstration here by defendant that there is in fact any such facility or, if there were, that he would be admitted and his physical problems adequately attended to.
Despite our conclusion that this defendant is not, as a matter of law, eligible for relief under the rule, we are nevertheless constrained to comment on the proceedings below in which the merits of the application were considered. *329 Although defendant testified on his own behalf, the medical support for his application was limited to letters from physicians. We regard this procedure as inadequate, at least where there is any reasonable area of dispute as to the gravity of defendant's physical condition and the unlikelihood of its medical treatment in the prison setting. The physicians themselves should testify as to the matters within their expertise, thus providing both the prosecutor who resists the application and the judge with the opportunity of fully exploring the pertinent medical facts.
Affirmed.