620 A.2d 476
STATE OF NEW JERSEY, PLAINTIFF,
v. MARCUS BOONE, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided December 18, 1992.

*Marcia Soast,* Assistant Public Defender for defendant (*Zulima V. Farber,* Public Defender of New Jersey).

*Cheryl Cohen,* Assistant Prosecutor for the State (*Edward Borden,* Camden County Prosecutor).

STEINBERG, J.S.C.

I write this opinion to set forth the proposition that in extraordinary circumstances a trial court has inherent authority to grant a judicial furlough to an incarcerated defendant provided that authority is sparingly used. This defendant is serving a mandatory period of parole ineligibility as a result of having been convicted of possession of a controlled dangerous substance with the intent to distribute within 1,000 feet of a school. *N.J.S.A.* 2C:35–7. The period of parole ineligibility that was imposed at the time of sentence was 20 months. The defendant has served approximately 10 months.

It has been brought to my attention by the Commissioner of the Department of Corrections that a routine chest x-ray suggested a possible tumor in the defendant's chest. Subsequent medical examination revealed the fact that the defendant has a rare and potentially dangerous condition known as an aneurysmal dilation involving the entire aorta that is potentially fatal. It is undisputed that the defendant must be quickly examined to see if he is a candidate for aortic replacement surgery. That determination, as well as the resulting surgery cannot be performed in any hospital in New Jersey and it seems to be the consensus of medical opinion that the only place where it can be performed is at the Methodist Hospital in Houston, Texas.

If this condition could be medically treated in New Jersey there would be no problem. Pursuant to the authority vested in him under *N.J.S.A.* 30:4–91.3 the prisoner would be granted a furlough by the Commissioner in order to have the surgery performed. That statute has consistently been considered by the Commissioner to limit furloughs to the State of New Jersey. There is no statutory authority for the Commissioner to permit a furlough outside the State of New Jersey and he is unwilling to do so without authority from the court. There is no statute or rule of court that I am aware of that authorizes me to grant a judicial furlough. However, I am also satisfied that it is extremely likely that the defendant may die if this condition is left untreated. The rules of court shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes. *R.* 1:1–2.

The defendant was sentenced by me on September 11, 1992. Ordinarily, a sentence may only be modified or reduced if the application is filed not later than 60 days after the date of

sentence and the order is signed within 75 days from the date of sentence, and not thereafter. *R.* 3:21–10(a). This time limitation cannot be relaxed.

Under *R.* 3:21–10(b) there are certain exceptions to the time limitations set forth in (a). I may amend a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant at any time. That was not the request and I was not inclined to do so in light of the fact that once the defendant recovers he should be able to resume his sentence. That rule has been specifically interpreted to preclude the trial court from reducing the sentence in any way. It is strictly limited to conferring authority to the trial court to release a defendant. See *State v. Priester,* 99 *N.J.* 123, 491 *A.*2d 650 (1985).

It is my opinion that the court has inherent authority to act to preserve life. The State's interest in preserving life is considered to be most significant. *Matter of Conroy,* 98 *N.J.* 321, 349, 486 *A.*2d 1209 (1985) and *Matter of Farrell,* 108 *N.J.* 335, 349, 529 *A.*2d 404 (1987). The State's interest in preserving life embraces two separate but related concerns: an interest in preserving the life of the particular patient, and an interest in preserving the sanctity of all life. *Matter of Conroy, supra* 98 *N.J.* at 349, 486 *A.*2d 1209. Although these principles have traditionally been espoused in cases pertaining to the retaining of life support systems they are equally applicable where, as here, the state is responsible for the health care of an individual. This defendant is incarcerated in a state prison. The State has an obligation to provide for his health, safety and well being while incarcerated in its correctional facility. That obligation includes necessary medical and health care and is an "absolute duty". *Holloway v. State,* 125 *N.J.* 386, 593 *A.*2d 716 (1991). In the present case, that health care can only be provided by furloughing the defendant and permitting him to travel to Texas. Accordingly, I have granted a judicial furlough. In granting the furlough I have not changed

the sentence in any way. If the necessary medical services were available in New Jersey they would be promptly given. The fact that they are not available in New Jersey but are only available in Texas should not act to deny the defendant of medical services which are necessary to attempt to save his life. The rules of court should not be read as to defeat this application solely by virtue of the fact that there is no express authority. Rather, the rules should be liberally read to permit the state to protect life. Again, the sentence is not being modified in any way. The hospitalization is merely taking place in Texas, rather than New Jersey. Once he is able to do so the defendant will return to New Jersey and resume his incarceration. I specifically advised him that if he fails to do so he will be subject to punishment for escape. See *N.J.S.A.* 30:4-91.5.

In coming to this conclusion I have taken into consideration the fact that this defendant has never been charged with, or convicted of a crime of violence. This is not to denigrate or deprecate the seriousness of the offense for which he has been convicted. However, this court must temper justice with mercy and cannot permit a strict interpretation of the rules to doom the defendant to near certain death when there is medical treatment available to him in another state. Recognizing the fact that this power should be sparingly utilized in the very rarest of cases I do conclude that under the circumstances of this case I do have the right to grant a judicial furlough to the defendant in order to permit his travel to Texas to assure the availability of medical treatment that is necessary to preserve his life.[1]

---

[1] I have now been advised that the defendant was examined and determined to be in need of an operation. His condition was life threatening and it was virtually certain that unless he was operated on quickly he would probably die. His entire aortic artery had to be replaced and the twelve hour operation was successful. Apparently, his convalescence was uneventful and within three weeks he was returned to prison.

I would like to take this opportunity to publicly commend Commissioner William Fauver, Gary Hilton, Assistant Commissioner, Division of Opera-

tions, and Thomas Sullivan, Assistant Supervisor, Health Services Unit of the Department of Corrections for their concern and compassion in bringing this matter to my attention. I am satisfied that if they had not acted as decisively as they did this 21 year old defendant probably would have died in prison.