**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3884-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SEBASTIAN S. SEWALL,
a/k/a SEBASTIAN SEWELL,
SEBASTIAN SEAWALL and
SBATIAN SEWLL,

    Defendant-Appellant.

_____

Submitted September 14, 2020 – Decided October 21, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 19-01-0201.

Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sebastian S. Sewall appeals from the Law Division's May 13, 2020 denial of his motion for a change in custody pursuant to Rule 3:21-10(b)(2) and from the court's subsequent denial of his motion for reconsideration. We affirm.

Defendant, who had pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1), is incarcerated in State prison serving a five-year sentence that is subject to a forty-two month period of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6, which was imposed in 2019 in accordance with his plea agreement. His appeal from his conviction is pending before us.

In May 2020, defendant filed his motion for a reduction of sentence under Rule 3:21-10(b)(2) or for a judicial furlough under State v. Boone, 262 N.J. Super. 220 (Law Div. 1992). Defendant supplied the court with 166 pages of medical records from a hospitalization in 2016 and 221 pages of Department of Corrections (DOC) medical records. The 2016 records related to defendant's hospitalization for an illness that seriously impacted his pulmonary and respiratory systems, including by causing a collapsed lung, which required him to be placed on a ventilator. According to defendant, after his treatment was

completed in 2016, he continued to suffer from shortness of breath, an elevated heartrate, and difficulty swallowing. However, there were no current records or reports indicating defendant was suffering from any of those conditions or other serious health issues when he was sentenced nor that he was at a heightened risk of harm due to the coronavirus at the time of his motion. Nevertheless, according to defendant, he was at heightened risk of death if he were to contract the virus.

On May 13, 2020, the motion judge entered an order denying defendant's motion and set forth his reasons in a comprehensive oral decision that was placed on the record on that date. In his decision, the judge first addressed defendant's contentions under Boone. He observed that the case afforded "limited recognition of the inherent authority of a [c]ourt to issue a furlough," but only under "certain limited . . . extraordinary circumstances." Such unique circumstances included the preservation of life when necessary medical healthcare could not be provided by the institution where an inmate was incarcerated.

The judge then observed that defendant was not being considered for release by the DOC under the executive orders issued by the governor in response to the pandemic, because defendant had not demonstrated "the

A-3884-19T4

requisite risk of death or serious injury from the COVID-19." Moreover, there was no evidence that the prison institution could not provide defendant with sufficient medical treatment for any of his claimed ailments. The judge concluded this was "not a life or death situation as was contemplated in <u>Boone</u>."

Turning to defendant's claim for relief under <u>Rule</u> 3:21-10(b)(2), the judge acknowledged that the Rule provides for the release of a defendant because of "illness or infirmity." Citing to <u>State v. Priester</u>, 99 N.J. 123, 141 (1985), the judge noted that the application must be supported by evidence of a change of circumstances that occurred since the time the sentence was imposed and must be related to the defendant's health. Reviewing the evidence before him, the judge concluded that there was no evidence presented that there had been any change in circumstances affecting defendant's health. He noted that, although in the past defendant had suffered from certain health issues, at the time of his sentencing defendant was in good health. The judge explained that, while defendant stated in his motion that he was exposed to a higher risk "of contracting Covid-19 because of the confined space within the [prison]," there had "been no demonstrat[ion] of the . . . requisite change of circumstances in [defendant's] medical condition since the time of his confinement that would support relief under [the Rule]."

Nevertheless, the judge addressed the merits of defendant's application. In doing so, he first concluded that he need not address the State's argument that defendant's application was barred by our holding in State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986) (stating Rule 3:21-10(b) "was never intended to permit the change or reduction of the custodial sentence which is required by law"), because that case addressed subsection (b)(1) of the Rule and not (b)(2). The judge then considered whether under State v. Wright, 221 N.J. Super. 123 (1987), defendant's application was "meritorious" and concluded it was not. In reaching his decision, the judge considered the seriousness of the weapons offense committed by defendant, the fact that it was his second time committing a Graves Act violation, the risk of defendant's future "criminality," and the lack of evidence as to "a severe depreciation of defendant's health since incarceration."

After the judge denied defendant's motion, on June 5, 2020, the Supreme Court issued its opinion In re Matter of Request to Modify Prison Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, 242 N.J. 357 (2020). Thereafter, relying on that opinion, defendant moved for reconsideration. Defendant did not offer any new facts in further support of his

application. According to defendant, the Supreme Court's decision was a change that warranted reconsideration of the denial of his first application.

After considering oral argument on June 17, 2020, the motion judge disagreed with defendant and found that the Supreme Court's decision did not present any "change in the law" and had no impact on his prior ruling. According to the judge, "[i]mplicit in [his] original ruling . . . was an acknowledgment that the pandemic is a change of circumstances satisfying a threshold to consider the application[] both under Boone and under [the Rule]." Because the pandemic established the change of circumstances, the judge stated he considered defendant's motion "on the merits" under Boone and the Rule and applied the "balancing analysis" required by Wright. Under these circumstances, defendant failed to satisfy "the threshold for reconsideration." The judge observed that, while defendant had "a generalized fear of contracting the disease, that [was] insufficient" as "recognized by the Supreme Court." This appeal ensued.

On appeal, defendant argues the following point:

> POINT I
>
> BECAUSE [DEFENDANT] IS AT EXCEPTIONALLY HIGH RISK FOR COMPLICATIONS AND DEATH IF HE WERE TO CONTRACT COVID-19, THE TRIAL COURT

A-3884-19T4

ABUSED ITS DISCRETION WHEN IT DENIED [DEFENDANT'S] R. 3:21-10(b)(2) MOTION.

According to defendant, he still suffers from symptoms of his 2016 illness as he must eat and speak "slowly," and "[h]is lungs and heart continue to show the effects of his [illness], and are too weak to protect against coronavirus." He contends that the motion judge "did not weigh all of the [required] factors, only explicitly finding no change in circumstances and [defendant's] criminal history." We disagree.

Rule 3:21-10(b)(2) provides: "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant." "Courts apply a balancing test to determine whether this 'extraordinary relief' should be granted." Request to Modify Prison Sentences, 242 N.J. at 378 (quoting Priester, 99 N.J. at 135).

Generally, to obtain such relief, an "inmate[] must [first] present evidence of both an 'illness or infirmity'—a physical ailment or weakness—and the increased risk of harm incarceration poses to that condition. A generalized fear of contracting an illness is not enough." Id. at 379. Also, before the pandemic, an inmate was required to make a showing of changed circumstances, but now that requirement is satisfied where the inmate relies on the pandemic. Ibid.

If that "predicate" showing is made, "courts [then] consider 'the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health'; 'the availability of medical services in prison'; 'the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, [and] the risk to the public if the defendant is released.'" Id. at 378–79 (quoting Priester, 99 N.J. at 135–37).

"A motion made pursuant to [the] Rule . . . is committed to the sound discretion of the court." Priester, 99 N.J. at 135. We review decisions granting or denying relief under the Rule for an abuse of discretion. Id. at 137. An abuse of discretion "arises when a decision is 'made without a rational explanation,'" "rested on an impermissible basis," or was "based upon a consideration of irrelevant or inappropriate factors." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted); State v. Williams, 458 N.J. Super. 274, 280 (App. Div. 2019).

Applying these guiding principles, we conclude that the motion judge did not abuse his discretion when he denied defendant's motion under the Rule, or when he refused to reconsider his denial of defendant's motion, substantially for the reasons expressed by the judge in both of his thorough oral decisions. The judge considered defendant's application in light of the pandemic and

determined there was an insufficient demonstration that defendant's continued incarceration exposed defendant to a serious risk of harm as he was in good health when he was sentenced, and, after three years, there was no evidence of any deterioration in his health nor that the DOC could not meet his medical needs. The judge also found there was no medical evidence supporting a need to release defendant and that his criminal history and likelihood of committing other offenses did not warrant his release under the Rule.

Nevertheless, we part ways with the motion judge in finding that defendant's Rule 3:21-10(b)(2) motion was not barred due to the fact that he is currently serving a sentence subject to a mandatory period of parole ineligibility for his conviction under the Graves Act. Where a defendant is serving a mandatory period of parole ineligibility, the court may not grant a defendant relief absent a showing of immense need, such as the unavailability of necessary medical assistance, as demonstrated in Boone. See Mendel, 212 N.J. Super. at 113–14 ("when defendant is serving a sentence required by the Graves Act he may not make an application under R. 3:21-10(b) . . . the application can be considered under R. 3:21-10(b) consistent with case law and based on circumstances appearing after completion of the parole ineligibility term required by statute.").

Under the circumstances presented in this case, we conclude not only did the motion judge not abuse his discretion in denying defendant's application, but the application itself was barred from consideration due to defendant's mandatory parole ineligibility period.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10