**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4105-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DONALD C. RANDALL,

     Defendant-Appellant.

_____

Submitted September 23, 2020 – Decided October 21, 2020

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-09-2295.

Joseph E. Krakora, Public Defender, attorney for appellant (Timothy W. Dalton Jr., Assistant Deputy Public Defender, of counsel and on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donald C. Randall appeals from a June 22, 2020 denial of his Rule 3:21-10(b)(2) motion to be released from custody. We affirm, substantially for the reasons set forth in the cogent written opinion of Judge Francisco Dominguez.

On April 19, 2013, following a jury trial, defendant received an aggregate ten-year prison sentence for first-degree armed robbery, N.J.S.A. 2C:15-1A(2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); and fourth-degree theft, N.J.S.A. 2C:20-3(a). With respect to the armed robbery charge, defendant received a ten-year prison term, subject to a mandatory parole ineligibility period under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction in 2014 but remanded for resentencing. When defendant was resentenced, his aggregate term continued to be ten years, with the same parole ineligibility period for the armed robbery offense.

Due to COVID-19, as well as a claim that defendant is "pre-diabetic" and suffers from hypertension and respiratory issues, he filed a Rule 3:21-10(b)(2) motion to permit his release from prison. This Rule allows a trial court to "amend[] a custodial sentence to permit the release of a defendant because of illness or infirmity."

A-4105-19T4

Judge Dominguez denied defendant's application, concluding he was not entitled to relief under Rule 3:21-10(b)(2), as defendant had "not yet served his period of parole ineligibility."  The judge also noted that defendant withdrew his alternative argument for suspension of his sentence under State v. Boone, 262 N.J. Super. 220, 221 (Law Div. 1992).

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT'S DENIAL OF DEFENDANT'S APPLICATION FOR TEMPORARY SUSPENSION OF SENTENCE PURSUANT TO RULE 3:21-10(b)(2) DUE TO HIS SERVING A PERIOD OF PAROLE INELIGIBIIITY CONSTITUTED ERROR AS A MATTER OF LAW.

POINT II

THE COVID-19 PANDEMIC IS A CHANGE IN CIRCUMSTANCES THAT HAS RESULTED IN INCARCERATION HAVING A DELETERIOUS EFFECT ON THE DEFENDANT'S HEALTH BECAUSE HIS UNDERLYING MEDICAL CONDITIONS MAKE HIM PARTICULARLY SUSCEPTIBLE TO DEATH OR SERIOUS HEALTH COMPLICATIONS FROM THE VIRUS.

A Rule 3:21-10(b)(2) motion "is committed to the sound discretion of the court." State v. Priester, 99 N.J. 123, 135 (1985). "It is an extension of the sentencing power of the court, involving the same complexity as the sentencing decision and the same delicate balancing of various factors." Ibid. Because the benefits an inmate enjoys from the provisions of this Rule are extraordinary, it "must be applied prudently, sparingly, and cautiously." Ibid. Accordingly, to succeed on a Rule 3:21-10(b)(2) motion, it is the prisoner's burden to demonstrate that an amendment of a custodial sentence is warranted because "medical services unavailable at the prison . . . are essential to prevent further deterioration in [the inmate's] health." Ibid.

It is well established that Rule 3:21-10(b)(2) must be construed in a manner consistent with the Code of Criminal Justice. State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986). Thus, much like the constraints on a movant who seeks to attend a drug rehabilitation program under Rule 3:21-10(b)(1), relief under Rule 3:21-10(b)(2), due to the illness or infirmity of a defendant, "may not be accorded until a mandatory period of parole ineligibility has been served." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2 on R. 3:21-10 (2021). In Mendel, a Rule 3:21-10(b)(1) case, Judge Edwin H. Stern wrote:

> There is a distinction between an ineligibility term required by statute and one imposed as a matter of

discretion by the court . . . . An application may be made under R[ule] 3:21-10 when the defendant is serving a parole ineligibility term imposed by the court but not required by statute as a mandatory sentence. When defendant is serving a period of parole ineligibility imposed as a matter of discretion, the court can consider an application under R[ule] 3:21-10(b) in accordance with the standards for consideration of such an application. See[,] e.g., State v. Priester, 99 N.J. 123 (1985); State v. Tumminello, 70 N.J. 187 (1976); State v. Davis, 68 N.J. 69, 84-86 (1975)[;] State v. McKinney, 140 N.J. Super. 160, 163 (App. Div. 1976). The court should also, of course, consider the aggravating and mitigating factors which led to the sentence originally imposed including an ineligibility term.

However, a sentence cannot be changed or reduced under R[ule] 3:21-10(b) below the parole ineligibility term required by statute. See N.J.S.A. 2C:43-6c. See also State v. DesMarets, 92 N.J. 62 (1983). R[ule] 3:21-10(b) was never intended to permit the change or reduction of a custodial sentence which is required by law. See State v. Stanley, 149 N.J. Super. 326, 328 (App. Div. 1977); . . . Where a parole ineligibility term is required or mandated by statute, an application may not be granted under R[ule] 3:21-10(b) so as to change or reduce that sentence.

[212 N.J. Super. at 112-13.]

Our Supreme Court recently instructed that "[t]o prevail on a [Rule 3:21-10(b)(2)] motion, inmates must . . . present evidence of both an 'illness or infirmity' -- a physical ailment or weakness -- and the increased risk of harm incarceration poses to that condition. A generalized fear of contracting an

illness is not enough."  In re Request to Modify Prison Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, 242 N.J. 357, 379 (2020). Although the Court did not directly address the application of Rule 3:21-10(b)(2) to defendants serving mandatory periods of parole ineligibility in Request to Modify Prison Sentences, it is notable the Court concluded that Boone "cannot be read as a basis for courts to order and oversee a wide-ranging furlough program in place of the Commissioner," adding that Boone "does not afford a basis for a broad-based judicial furlough process."  Id. at 378.

In Boone, the inmate had not completed the period of mandatory ineligibility at the time he sought a "judicial furlough."  262 N.J. Super. at 221. The trial court held that a mandatory sentence did not preclude the grant of such a furlough.  Id. at 222-24.  However, in Request to Modify Prison Sentences, the Court explained that "Boone involved an extraordinary situation," an inmate with a rare, threatening condition which required that he be promptly assessed for possible aortic replacement surgery, a surgery which could be performed only at a certain Texas hospital.  Request to Modify Prison Sentences, 242 N.J. at 378.  The Court further noted that in Boone, the Commissioner of the Department of Corrections sought a furlough and the trial court "relied on the court's 'inherent authority to preserve life' and 'granted a judicial furlough[,]'

. . . [aware] 'this power should be sparingly utilized in the very rarest of cases.'"

Ibid. (quoting Boone, 262 N.J. Super. at 223-24).

As the Court distinguished Boone and determined "Rule 3:21-10(b)(2) . . . does not give the Judiciary broad authority to oversee a furlough program," Ibid., we likewise decline to read the Court's declaration that "Rule 3:21-10(b)(2) gives all inmates an opportunity to seek direct relief in court," id. at 380, as permitting relief from mandatory minimum parole ineligibility terms imposed under NERA. While all inmates may be able to seek relief under this Rule, we are satisfied such relief should only be available to inmates who have served their mandatory parole ineligibility term.[1]

Regarding defendant's Point II, our Supreme Court recently acknowledged that the impact of COVID-19 on "New Jersey and its prison system amounts to a change in circumstances" under Rule 3:21-10(b)(2). Request to Modify Prison Sentences, 242 N.J. at 379. But this acknowledgment does not permit defendant to vault his parole disqualifier and obtain relief under Rule 3:21-10(b)(2) for the reasons we have discussed. Moreover, even if defendant had completed his

---

[1] Our conclusion is consistent with Executive Order 124, issued by Governor Philip Murphy on April 10, 2020, which offered relief to inmates possessing an underlying medical condition that increased their risk of death or serious illness from COVID-19. That Executive Order specifically excluded inmates serving terms of incarceration pursuant to NERA.

period of parole ineligibility, and the trial court acknowledged his circumstances changed as a result of the pandemic, he still would need to prove the serious nature of his illness and the "deleterious effect of incarceration on [his] health," since a "generalized fear of contracting an illness is not enough." Ibid. Further, defendant would be required to demonstrate that the "medical services unavailable at the prison would be not only beneficial . . . but . . . essential to prevent further deterioration in his health." Priester, 99 N.J. at 135. Additionally, the motion judge would be required to consider other Priester factors, such as the "nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health." Priester, 99 N.J. at 137.

We decline to speculate about whether defendant will be entitled to the extraordinary relief afforded under Rule 3:21-10(b)(2) once he becomes eligible. In the interim, we are satisfied there is no basis to disturb Judge Dominguez's June 22, 2020 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4105-19T4