**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3986-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMIE L. LAWSON,

     Defendant-Appellant.

_____

Submitted September 21, 2020 – Decided October 26, 2020

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Ocean County, New Jersey, Accusation No. 17-10-1567.

Joseph E. Krakora, Public Defender, attorney for appellant (Ernest A. Ryberg, Assistant Deputy Public Defender, of counsel and on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Jamie L. Lawson is currently serving a state prison sentence in a half-way house. He appeals from a June 25, 2020 order issued by Judge Wendel E. Daniels denying his motion for release from custody pursuant to Rule 3:21-10(b)(2) or, in the alternative, for suspension of sentence (medical furlough) pursuant to State v. Boone, 262 N.J. Super. 220 (Law Div. 1992). We have carefully considered the record in light of the applicable legal principles and affirm.

Because we affirm substantially for the reasons explained in Judge Daniels' thorough fifteen-page opinion, we need not re-address all of Lawson's arguments, but add the following comments. Lawson's application rests on Governor Murphy's Executive Order 124, which declared a state of emergency in response to the COVID-19 pandemic. The gist of Lawson's argument is that because of his underlying medical conditions, he faces an "irrefutable risk of death" if exposed to the virus while he is in custody.

We agree with Lawson that he was not required to exhaust administrative remedies by seeking relief before the parole board or the Department of Corrections (DOC) prior to filing a motion with the court under Rule 3:21-10(b). The Supreme Court in In re Request to Modify Prison Sentences, Expedite Parole Hearings, and Identify Vulnerable Persons recently explained that

"[i]ndividual inmates may also seek relief independently under Rule 3:21-10(b)(2). They do not have to exhaust the remedies available under the Executive Order before they may file a motion in court."  242 N.J. 357, 370 (2020).

However, as Judge Daniels correctly ruled, Lawson is not eligible for release as he has yet to complete the mandatory term of parole ineligibility imposed on his first-degree money laundering conviction.  The Supreme Court made clear in Request to Modify Prison Sentences that neither Rule 3:21-10(b)(2) nor the other sources raised by the defendant in that case provide authority for the courts to establish and oversee a broad-based program to release or furlough state prison inmates.  Id. at 378–79.  Importantly, the Court did not alter the eligibility requirements for an application pursuant to Rule 3:21-10.

In State v. Mendel, we held that "a sentence cannot be changed or reduced under R. 3:21-10(b) below the parole ineligibility term required by statute."  212 N.J. Super. 110, 113 (App. Div. 1986).  In this instance, Lawson pled guilty to first-degree financial facilitation of criminal activity (money laundering) and third-degree theft relating to construction fraud perpetrated against approximately forty homeowners whose homes were damaged by Superstorm

Sandy. He was sentenced in accordance with the plea agreement to a ten-year prison term. As required by N.J.S.A. 2C:21-27(a), the sentence for the money laundering conviction included a forty-two-month period of parole ineligibility. Accounting for the credit for time served in jail before sentencing, Lawson is not eligible for parole until December 15, 2020, and therefore is not eligible for the relief he requests until that date.

Furthermore, Judge Daniels carefully reviewed the medical records, certifications, and other submissions and determined that Lawson failed to establish a severe depreciation of health sufficient to justify the relief he seeks. Lawson's medical conditions include a blood clot in his leg, a broken nose, two hernias, high blood pressure, and a low white blood cell count. Judge Daniels recognized that Lawson may be at an increased risk for death or serious injury if he were to contract COVID-19 but concluded that his medical condition does not rise to the level of life-threatening. "Moreover," the judge explained, "there exists no current depreciation of defendant's health whatsoever, let alone the required 'severe depreciation.'" Judge Daniels concluded, "[d]efendant has entirely failed to demonstrate that the strong protective measures adopted by the DOC cannot adequately protect him from [COVID-19 risks], nor has he provided any evidence that the DOC is unequipped to treat him, or that [the half-

way house] is experiencing a significant outbreak." We see no reason to disturb Judge Daniels' assessment of the health-related risks Lawson faces while in the custody of the DOC.

Judge Daniels also considered the risk to public safety should Lawson be released. The judge reasoned that because Lawson is not suffering from serious illness, he would be physically able to return to criminal behavior upon release. Judge Daniels emphasized,

> [t]he defendant is a dangerous criminal who has committed serious violent offenses such as robbery and assault with a deadly weapon, and serious non-violent offenses such as the current [first-degree money laundering] offense. This court has a high degree of concern regarding defendant's continued risk to the public, due to both the gravity of this crime and the vast amount of vulnerable people that exists in today's global pandemic.

We add that Judge Daniels sentenced Lawson and thus is familiar with the circumstances of the offense and his criminal background.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5 A-3986-19T4