**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4407-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT A. GOODLIN,

     Defendant-Appellant.

_____

> Submitted October 14, 2020 – Decided November 2, 2020
>
> Before Judges Haas and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 18-03-0140.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Christiane Cannon, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 19, 2020 Law Division order that denied his motion to amend his custodial sentence under Rule 3:21-10(b)(2). We affirm.

## I.

Defendant, a former teacher at Elizabeth High School, was charged with sexually assaulting two minor students between 1993 and 2003. He was subsequently indicted and charged with: 1) two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(b); 2) two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); 3) two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); 4) four counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); 5) two counts of third-degree endangering the welfare of a child by engaging in sexual conduct, N.J.S.A. 2C:24-4(a)(1); and 6) two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). Shortly after he was indicted, defendant pled guilty to two counts of second-degree sexual assault.

On May 24, 2019, Judge William A. Daniel sentenced defendant to an aggregate three-year prison term subject to an 85% period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Judge Daniel applied aggravating factors three, the risk that defendant will commit another

offense, and nine, the need for deterring defendant and others from violating the law. The judge also found applicable mitigating factor seven, the defendant's lack of criminal history. Under NERA, defendant's earliest release date is in December 2021.

Defendant is currently incarcerated at the Adult Diagnostic and Treatment Center for sex offenders. On May 27, 2020, defendant filed a motion to be released from prison under Rule 3:21-10(b)(2), or to suspend his sentence under State v. Boone, 262 N.J. Super. 220 (Law Div. 1992), based on his heightened risk factors should he contract COVID-19. Defendant is seventy-seven years old and suffers from "type [two] diabetes mellitus, skin cancer, glaucoma and blindness, aneurysms, microvascular disease, hypertension, asbestosis, and chronic obstructive pulmonary disease."

At oral argument, defendant withdrew his request for suspension of his sentence under Boone and instead only argued for release under Rule 3:21-10(b)(2). On June 19, 2020, Judge Daniel acknowledged defendant's pre-existing conditions but denied his motion to amend his custodial sentence. Judge Daniel relied on State v. Mendel, 212 N.J. Super. 110 (App. Div. 1986) and concluded a court cannot change or reduce a sentence under Rule 3:21-

10(b)(2) until defendant has completed his parole ineligibility term as mandated by the applicable statute.  This appeal followed.

## II.

On appeal, defendant first argues that the court erred by concluding he could not seek release under Rule 3:21-10(b)(2).  Specifically, defendant asserts the court's reliance on Mendel was misplaced because that case was limited to relief under Rule 3:21-10(b)(1), not subsection (b)(2).  We disagree.

Rule 3:21-10(b)(2) provides in pertinent part that "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant."  The Rule allows the court to grant "extraordinary relief to a prisoner."  State v. Priester, 99 N.J. 123, 135 (1985).

In Mendel, defendant pled guilty to two counts of robbery and one count of conspiracy and was sentenced to an aggregate eight-year term, with four years of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c).  212 N.J. Super. at 112.  Defendant had served less than three years when he filed a Rule 3:21-10(b)(1) motion seeking a change or reduction of his sentence.  Ibid.

We held that a defendant may move under Rule 3:21-10 for a change or reduction of sentence when the parole ineligibility term is imposed by the court

A-4407-19T4

"but not required by statute as a mandatory sentence." Id. at 112-13. We stated that Rule 3:21-10 "was never intended to permit the change or reduction of a custodial sentence which is required by law." Id. at 113. We further noted that "where a parole ineligibility term is required or mandated by statute, an application may not be granted under [Rule] 3:21-10(b) so as to change or reduce that sentence." Ibid.

We reasoned that where a defendant is "serving a parole ineligibility term above that required to be served as a minimum mandatory period of parole ineligibility, the application can be considered under [Rule] 3:21-10(b) . . . ." Ibid. Therefore, because defendant had not completed his "three-year minimum ineligibility term required by the Graves Act . . . the court could not change or reduce the sentence under [Rule] 3:21-10(b)(1)." Id. at 114.

Contrary to defendant's argument, we did not limit our decision in Mendel to Rule 3:21-10(b)(1) motions and in that regard repeatedly referenced Rule 3:21-10(b) in our opinion. We also conclude that there is no principled reason to restrict Mendel's holding to applications under subsection (b)(1). See also State v. Brown, 384 N.J. Super. 191, 194 (App. Div. 2006) (noting that "when a parole ineligibility minimum term is required by statute, a court has no jurisdiction to consider a [Rule] 3:21-10(b) application."); Pressler & Verniero,

A-4407-19T4

Current N.J. Court Rules, cmt. 2.2. on R. 3:21-10(b) (2020) (citing Mendel, 212 N.J. Super. at 110).

We also disagree with defendant's assertion that the New Jersey Supreme Court's recent decision in In Re Request to Modify Prison Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, 242 N.J. 357 (2020) overruled Mendel's mandatory parole ineligibility restriction. In In Re Request to Modify, the Supreme Court addressed whether a defendant was required to "exhaust the administrative process under Executive Order 124 before [applying] for relief under Rule 3:21-10(b)(2)." Id. at 379. Executive Order 124 was initiated in response to the COVID-19 global pandemic and "created a mechanism to identify inmates in state prison to be considered for parole or a medical furlough." Id. at 367. When our Supreme Court created guidance for the courts to review relief under Executive Order 124, it did so noting that other avenues for relief were available to all inmates—such as Rule 3:21-10(b)(2)—which did not include the strict conditions that must be satisfied for Executive Order 124 to apply. See id. at 380. The Court did not, however, hold that Rule 3:21-10(b)(2) authorizes the release of a prisoner before the completion of a mandatory minimum term required by statute. We therefore reject defendant's

reliance on In re Request to Modify as it fails to establish that he is entitled to relief under Rule 3:21-10(b)(2) under the circumstances.

Here, defendant was convicted of an offense to which NERA applies. See N.J.S.A. 2C:43-7.2(d)(8). NERA imposes a statutorily mandated minimum period of incarceration, which is "85% of the sentence imposed, during which the defendant shall not be eligible for parole." N.J.S.A. 2C:43-7.2(a). As defendant has not completed the statutorily imposed minimum parole ineligibility, he is barred from relief under Rule 3:21-10(b). See Mendel, 212 N.J. Super. at 113-14.

### III.

Defendant further argues that he meets the criteria for release under Rule 3:21-10(b)(2) and that the trial court erred in failing to review the factors for release delineated in Priester. Although we acknowledge that the trial court failed to address the Priester factors, we nevertheless conclude that the record failed to support a change in defendant's sentence under Rule 3:21-10(b)(2).

"The predicate for relief under [Rule 3:21-10(b)(2)] is proof of the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health." Priester, 99 N.J. at 136. Furthermore, an inmate must establish that the medical services that are "unavailable at the prison would be

not only beneficial . . . but are essential to prevent further deterioration in [the defendant's] health." Id. at 135-36 (quoting State v. Tumminello, 70 N.J. 187, 193 (1976)). The inmate also must show that circumstances in his health have changed since the time of the original sentence. Id. at 136. Moreover, the court must consider the "nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health." Id. at 137.

In Priester, the defendant pled guilty to aggravated sexual assault, in violation of N.J.S.A. 2C:14-2(a)(4) and (6). Id. at 129. The trial court sentenced defendant to a ten-year custodial term with a five-year period of parole ineligibility. Id. at 130. Approximately one year after he was sentenced, the defendant sought relief under Rule 3:21-10(b)(2), asserting he suffered from certain medical conditions and that he would benefit from medical treatment and rehabilitative services that were available outside of the prison environment. Id. at 130-31.

The trial court denied relief. Id. at 131. We reversed and excised the defendant's parole ineligibility term so that the Parole Board could consider whether and under what circumstances the defendant should be released on

parole. Ibid. On appeal, the Supreme Court held "that Rule 3:21-10(b)(2) may be applied only to release a prisoner from prison but not to reduce or change his sentence." Id. at 141. The Court therefore reversed our judgment "excising" the defendant's parole ineligibility term. Ibid.

Here, after considering the Priester factors, we conclude the record does not support defendant's request for relief. While our Supreme Court in In re Request to Modify noted that the COVID-19 pandemic "amounts to a change of circumstances under [Rule 3:21-10(b)]," see 242 N.J. at 379, there is no evidence in the record showing that the facility housing defendant is unable to provide him with treatment for any of his underlying conditions or that he has actually contracted COVID-19. Similarly, defendant does not suggest that he has not received adequate medical treatment to date. While we understand defendant's concerns about COVID-19, "[a] generalized fear of contracting an illness is not enough" to warrant relief under Priester. Ibid.

Further, Priester requires consideration of the seriousness of defendant's crime. 99 N.J. at 137. Here, defendant's crimes are of such significance that the Legislature has concluded they require the application of NERA. Additionally, the sentencing court found defendant at risk of committing another offense, another factor weighting against defendant under the Priester analysis. We are

therefore convinced the judge did not err by denying defendant's motion for release under Rule 3:21-10(b)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4407-19T4