**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4264-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JARRELL PAGE,

     Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided November 17, 2020

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 11-02-0207.

Joseph E. Krakora, Public Defender, attorney for appellant (Haley E. Farrell, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jarrell Page pleaded guilty in 2012 to first-degree robbery of a gas station attendant and was sentenced to six years in prison, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He was paroled in 2016 but reincarcerated eighteen months later on a parole violation. He is now at Northern State Prison with a maximum release date of January 14, 2021. In June 2020, following the outbreak of the COVID-19 pandemic, Page filed a motion under Rule 3:21-10(b)(2), seeking release from custody, or, alternatively, judicial furlough pursuant to State v. Boone, 262 N.J. Super. 220 (Law Div. 1992), or Executive Order 124. Although only thirty-five years old, he claims his high blood pressure and obesity place him at a heightened risk of serious illness or death should he contract the virus.

Judge Lydon denied Page's motion without an evidentiary hearing. In a clear and comprehensive written opinion, the judge found Page failed to satisfy the essential predicate for the "extraordinary relief to a prisoner" Rule 3:21-10(b)(2) affords, namely, "proof of the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health." State v. Priester, 99 N.J. 123, 135 (1985). Acknowledging the pandemic represents changed circumstances under the Rule, In re Request to Modify Prison

Sentences, Expedite Parole Hearings, & Identify Vulnerable Prisoners, 242 N.J. 357, 379 (2020), Judge Lydon found Page "does not fall within the [Centers for Disease Control's] cohort of individuals who face a higher risk of suffering a serious illness from the virus." Specifically, the judge found Page's claimed body mass index of 31.9 does not present "a serious underlying medical condition," and his prison medical records disclose no diagnosed serious illness. The judge further noted Page was not suffering from Covid-19, and found he had not shown that his incarceration has adversely affected his medical condition. Additionally, the judge found Page had not demonstrated "the prison's medical resources are inadequate to treat his obesity, hypertension, or potential complications" should he contract the virus.

Turning to the other factors the Supreme Court in Priester directed trial courts to consider, "the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health," Priester, 99 N.J. at 137, Judge Lydon found only the last favored release. Although Page is obviously not responsible for the virus or his current medical condition, the judge found both the nature and severity of defendant's crime, first-degree robbery, "concerning." Page and a co-defendant pointed a

gun at an unarmed gas station attendant, demanding money. After the man turned over $100, the two punched him with their fists and hit him in the back of the head with the gun before fleeing.

The judge found those facts, and Page's long criminal record, dating back to when he was a juvenile, demonstrated that Page presents a risk to public safety, noting he was being supervised as part of the pre-trial intervention program when he committed the robbery and was currently incarcerated for a parole violation. Notwithstanding the change in circumstances brought about by the virus, the judge found no entitlement to a change in custody for Page. He did not show he suffers from any serious illness or had experienced any deleterious effect on his health, and a weighing of the other Priester factors militated against release.[1]

Page appeals, arguing he was entitled to a hearing on his motion, and that he meets the legal standard for relief under Priester. We disagree and affirm essentially for the reasons expressed by Judge Lydon. Although determining

---

[1] The judge also denied Page a furlough under Boone, finding no demonstrated need for medical treatment for any serious ailment. The judge denied early release pursuant to Executive Order 124, as Page's conviction of a NERA offense rendered him disqualified for such relief, which could only be granted by the Commissioner of the Department of Corrections in any event. Page has not appealed from those rulings.

that the pandemic amounted to a change in circumstances under Rule 3:21-10(b)(2), thereby permitting individual defendants to apply for release, the Supreme Court in Request to Modify Prison Sentences, 242 N.J. at 378-79, did not otherwise relax the standard of the Rule, noting inmates must present evidence of a "a physical ailment or weakness — and the increased risk of harm incarceration poses to that condition," and that "[a] generalized fear of contracting an illness is not enough." Nor did the Court signal any retreat from its admonition in Priester that "the Rule must be applied prudently, sparingly, and cautiously." 99 N.J. at 135. Having reviewed the record, we are satisfied the judge did not abuse his discretion in denying Page an evidentiary hearing, see id. at 139, or in applying the Rule to the facts Page presented on the motion, see State v. Tumminello, 70 N.J. 187, 193 (1976).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4264-19T4