**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0074-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHAAD GLOVER,

    Defendant-Appellant.

_____

Submitted March 3, 2021 – Decided May 26, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-10-1806.

Rashaad Glover, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, who is self-represented, appeals from an April 3, 2019 Law Division order denying his motion to amend his custodial sentence under Rule 3:21-10(b)(2). We affirm.

On June 15, 2012, defendant received an aggregate sentence of fifteen years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, after pleading guilty to charges of aggravated manslaughter, N.J.S.A. 2C:11-4(a), and unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). This means that defendant's term of NERA parole ineligibility will not end until 2023. The charges arose from defendant's drive-by shooting of a victim with whom, according to the presentence report included in the record on appeal, he had an ongoing dispute.

Defendant, who is thirty-three years old, has suffered since childhood from significant renal issues including "bilateral severe hydronephrosis." His condition is not in dispute. Surgery may eventually be required in order to correct the condition, requiring a different treatment regimen than he is presently receiving. From the minimal documents presented to the trial court and on appeal, it appears that the condition is relatively stable. He seeks to be released pursuant to the rule in order to treat his condition. The judge who reviewed the matter denied the application, explaining "relief is not available until the

2

A-0074-19

statutory mandatory term is served." Once notified of the decision, defendant filed this appeal.

Defendant raises the following point:

> THE TRIAL VIOLATED DEFENDANT['S] CONSTITUTIONAL RIGHT UNDER DUE PRO[C]ESS OF LAW, WHEN THE COURT DENI[ED] THE APPELLANT AN EVIDENTIARY HEARING FOR MODIFICATION OF SENTENCE TO RE[QU]EST A JUDICIAL FURLOUGH TO TR[E]AT HIS CHRONIC MEDICAL ILLNESS.

Defendant's contention of error is not entirely clear. It is clear that he seeks release for medical reasons and believes the judge's decision was made in the absence of a full understanding of his medical condition. Defendant also appears to reject the notion that relief under the rule is unavailable to persons serving the mandatory parole ineligible portion of NERA sentences.

As we have previously said, however, a defendant can seek a change or reduction in sentence where a term of parole ineligibility is imposed as a result of a judge's exercise of discretion, where parole ineligibility is not required by statute. State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2 on Rule 3:21-10(b) (2020) (citing Mendel, 212 N.J. Super. at 110).

A-0074-19

If parole ineligibility is mandated by statute, a defendant is not eligible for a change or reduction in sentence. Defendant is serving a NERA sentence, meaning his term of parole ineligibility is required by statute.

The case defendant cites in support of his application is State v. Boone, 262 N.J. Super. 220 (Law Div. 1992). Unfortunately, that is a Law Division case not binding on us and decided years before NERA was enacted.

Decisions such as the one made by the Law Division judge in this case are reviewed for plain error. R. 2:10-2. "[T]he scope of appellate review of a trial court's decision to grant or deny a Rule 3:21-10(b)(2) motion is whether the trial court abused its discretion." State v. Priester, 99 N.J. 123, 137 (1985). A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Clearly, in this case, no abuse of discretion occurred, and the judge's decision was not plain error because defendant is serving a NERA-mandated term of parole ineligibility. His arguments do not warrant further discussion in a written decision. R. 2:11-3(e)(2).

4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0074-19