**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1153-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LISA HICKS, a/k/a
JUX BLACK JUX,

     Defendant-Appellant.

_____

Submitted July 13, 2021 – Decided July 22, 2021

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 18-09-2173.

Joseph E. Krakora. Public Defender, attorney for appellant (Kimmo H. Abbasi, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lisa Hicks appeals from a June 17, 2020 Law Division order denying her Rule 3:21-10(b)(2) motion to be released from custody and denying her alternative request for a judicial furlough.  We affirm.

I.

In September 2018, defendant pled guilty to charges of second-degree manslaughter, N.J.S.A 2C:11-4(b)(1), and third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A 2C:35-5(b)(3).  On August 30, 2019, the trial court sentenced defendant to five and one-half years' incarceration on the manslaughter count, with eighty-five percent of that sentence to be served with parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  This sentence was concurrent to the sentence for the CDS charge.

On May 15, 2020, defendant filed a motion for release from custody, citing risks posed by the COVID-19 pandemic.  Defendant contended that her asthma, diabetes, and other medical issues put her at an increased risk of health complications or death from COVID-19.  Defendant did not supply any medical records to support her application.

On June 17, 2020, without conducting a hearing, the motion judge found defendant ineligible for relief under Rule 3:21-10(b)(2).  The judge, citing State

v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986), correctly recognized that when considering a Rule 3:21-10(b)(2) motion, "the [c]ourt must consider whether the defendant is subject to a term of parole ineligibility required by statute." Moreover, citing State v. Brown, 384 N.J. Super. 191, 194 (App. Div. 2006), the judge found the court "has no jurisdiction to consider a Rule 3:21-10(b)(2) application" if a defendant is subject to a term of parole ineligibility.

The motion judge also determined defendant ineligible for a judicial furlough as the situation did not rise to the "extraordinary circumstances" required for relief under State v. Boone, 262 N.J. Super. 220, 222 (Law Div. 1992). The judge found no evidence that New Jersey's health care system and prisons were not equipped to handle COVID-19 cases.

Lastly, the motion judge did not analyze defendant's application under the factors established in State v. Priester, 99 N.J. 123 (1985). Since the judge found the court did not have jurisdiction to consider the motion, such an analysis was unnecessary.

This appeal followed, with defendant presenting the following arguments:

> POINT ONE
>
> THE TRIAL COURT'S DENIAL OF RELEASE UNDER R. 3:21-10(b)(2) WAS AN ABUSE OF DISCRETION BECAUSE THE RECORD DEMONSTRATES THAT DEFENDANT IS NOT A THREAT TO THE PUBLIC AND SHE FACES A

LIFE-THREATENING RISK IF SHE REMAINS AT [EDNA] MAHAN CORRECTIONAL FACILITY FOR WOMEN.

POINT TWO

THE TRIAL COURT ERRED IN DENYING DEFENDANT A JUDICIAL FURLOUGH PURSUANT TO STATE V. BOONE.

POINT THREE

THE TRIAL COURT ERRED WHEN DENYING DEFENDANT'S MOTION FOR A MEDICAL RELEASE OR A SUSPENSION OF SENTENCE AS DEFENDANT'S PAROLE INELIGIBILITY PERIOD SHOULD NOT BAR HER FROM RELIEF.

## II.

Defendant first argues that she is not a threat to public safety and faces life threatening health risks in prison, and thus the motion court's denial of her motion for release under Rule 3:21-10(b)(2) was an abuse of discretion. We disagree.

Rule 3:21-10(b)(2) provides that "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant . . . ." However, when a statute requires a parole ineligibility term, a Rule 3:21-10(b)(2) application cannot be granted to modify or reduce the sentence. Mendel, 212 N.J. Super. at 112; see also Brown, 384 N.J. Super. at 194.

In Mendel, an inmate was sentenced to eight years' incarceration, with a four-year parole ineligible term, pursuant to N.J.S.A. 2C:43-6(c). Mendel, 212 N.J. Super. at 112. After serving less than three years, the inmate filed a Rule 3:21-10(b)(1) motion seeking a reduction or change of his sentence. Ibid. We held that an inmate may file a Rule 3:21-10 motion when the parole ineligibility term is imposed by the court "but not required by statute as a mandatory sentence." Id. at 112-13.

Moreover, the Supreme Court recently held a period of parole ineligibility mandated by NERA is a bar to a Rule 3:21-10(b)(2) motion. State v. Chavies, __ N.J. __, __ (2021) (slip op. at 18). In Chavies, a prisoner, who was serving a sentence subject to a parole ineligibility term pursuant to NERA, filed a Rule 3:21-10(b)(2) motion for release, citing his medical issues and increased health risks from the COVID-19 pandemic. Id. (slip op. at 5-6). The Supreme Court affirmed our decision denying the inmate's motion, finding a defendant cannot "file a motion under Rule 3:21-10(b)(2) until after serving" a term of parole ineligibility pursuant to the NERA. Id. (slip op. at 18).

According to the Court, NERA illustrates the Legislature's plain directive that defendants who commit "the most violent of crimes must serve 85% of the sentence imposed . . . before they are eligible for release under Rule 3:21-10(b)(2)." Id. (slip op. at 19). Granting a motion for release under Rule 3:21-

10(b)(2) while a defendant is still serving a parole ineligibility period would contradict both the plain wording of NERA as well as the intent of the Legislature. Id. (slip op. at 19-20).

Defendant's earliest release date, in accordance with his NERA parole ineligible term, will not occur until January 2023. Since the parole ineligible term is imposed by statute, defendant is not eligible for a release or suspension of sentence. The motion judge correctly denied defendant's motion.

Notwithstanding the failure of her motion for release because of the statutory parole ineligible term, defendant argues that an analysis of the factors established in Priester, 99 N.J. at 123, weigh in favor of her release. In Priester, our Supreme Court outlined various factors to balance when considering a Rule 3:21-10(b)(2) application, including the availability of medical services in prison, a change in circumstances since the original sentence, the severity of the crime, and the risk defendant poses to the public if released. Id. at 135-37.

In the interest of completeness, the Priester factors also point to the denial of defendant's motion. First, the Supreme Court has determined the COVID-19 pandemic qualifies as the requisite change in a prisoner's circumstances for a Rule 3:21-10(b)(2) motion. In re the Request to Modify Prison Sentences, 242 N.J. 357, 378 (2020). However, all other Priester factors, save defendant's role in bringing about her own medical issues, weigh against granting a motion for

6

release from custody. Defendant has not "shown[n] that the medical services unavailable at the prison . . . are essential to prevent further deterioration" of her health. Priester, 99 N.J. at 135. Furthermore, at defendant's sentencing, the judge found there was a risk defendant would commit further crimes and there was a need to deter defendant from violating the law. Thus, although the pandemic satisfies the change in circumstances criteria, defendant's failure to prove incarceration negatively impacts her health, coupled with the severity of her crimes committed and the risk she poses to the public, weigh heavily against granting a motion for release.

Defendant's appeal to Governor Phil Murphy's Executive Order 124 also lacks merit. While defendant appears to meet the qualifications for the group of inmates with medical problems who should be considered for release, inmates serving sentences subject to NERA parole ineligibility terms are explicitly disqualified from release. Exec. Order No. 124 (Apr. 10, 2020), 52 N.J.R. 963(a) (May 4, 2020).

Next, defendant argues she qualifies for a judicial furlough. Defendant alleges the pandemic created extraordinary circumstances, similar to those in Boone, 262 N.J. Super. at 221. According to our Supreme Court, Boone presented an extremely rare situation and the case "does not afford a basis for a broad-based judicial furlough process." In re the Request to Modify Prison

<u>Sentences</u>, 242 N.J. at 378. Moreover, "a generalized fear of contracting an illness is not enough" to warrant extraordinary relief. <u>Id.</u> at 379. Furthermore, "this power should be sparingly utilized in the very rarest of cases." <u>Boone</u>, 262 N.J. Super. at 224.

In this case, defendant clearly falls short of the high bar established for a judicial furlough. In <u>Boone</u>, the court granted a prisoner a judicial furlough because he had a rare heart condition and the only hospital capable of performing the necessary operation was in Texas. Here, defendant has not yet contracted COVID-19, but rather she fears what might happen if she does contract the virus. Also, there is no evidence defendant would receive better medical treatment outside the state if she did become infected. Without supplying any medical records or a supporting certification from a physician, defendant simply cannot prove her condition warrants a release that should be used in "the very rarest of cases." The current widespread availability of COVID-19 vaccines further weakens defendant's claim for a judicial furlough.

Lastly, defendant argues her parole ineligibility period should not bar a medical release or judicial furlough. As previously noted, defendant's parole ineligibility is mandated by NERA and thus expressly bars a medical release. Moreover, defendant does not qualify for a judicial furlough as she does not have an extremely rare medical condition that requires extraordinary relief.

A-1153-20

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1153-20