NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5629-17T4

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

MATTHEW L. WILLIAMS,

      Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **March 1, 2019**
>
> **APPELLATE DIVISION**

      Submitted February 12, 2019 – Decided March 1, 2019

      Before Judges Fisher, Hoffman and Geiger.

      On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 16-06-0427.

      Michael H. Robertson, Somerset County Prosecutor, attorney for appellant (Annemarie L. Mueller, Assistant Prosecutor, of counsel and on the brief).

      Joseph E. Krakora, Public Defender, attorney for respondent (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

GEIGER, J.A.D.

Appellant State of New Jersey was granted leave to appeal from an interlocutory Law Division order granting defendant Matthew L. Williams's motion to withdraw his guilty pleas before sentencing. In a case of first impression, we hold the trial court abused its discretion in determining the unanticipated accrual of an additional 366 days of jail credit after the plea hearing provided sufficient reason to permit defendant to withdraw his guilty plea. We reverse and remand for sentencing.

On June 11, 2016, Officer Anthony Pepe of the Green Brook Police Department was flagged down by a woman in a motel parking lot. The woman told Officer Pepe that her boyfriend, defendant, would not return her car keys or cell phone. Officer Pepe spoke with defendant, who identified himself. A warrant check revealed defendant had two outstanding arrest warrants relating to possession of marijuana and reckless driving charges. Defendant was placed under arrest. A search incident to arrest yielded a "fold" in his right front pants pocket containing a substance which field tested positive for heroin.

While enroute to the county jail after processing at police headquarters, Officer Pepe pulled over after seeing defendant ingesting pills in the backseat

of the patrol car. Defendant was removed from the patrol car and the pills were recovered after defendant spit them out. Seven pills later identified as Alprazolam were recovered at that time. A subsequent search of the backseat of the patrol car revealed a prescription bottle secreted under the seat containing thirty-nine of the same pills. The label on the pill bottle was partially torn off but the remnants appeared to be in the name of someone else. The label also stated the pill bottle was originally filled for Oxycontin.

After a laboratory report confirmed the seized substances were heroin and Alprazolam, defendant was charged and indicted with two counts of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1), and one count of fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1). Defendant originally entered a not guilty plea and elected to take the case to trial. However, he ultimately agreed to plead guilty on the day jury selection was to begin in exchange for a sentencing recommendation of a five-year Drug Court probationary term; the plea agreement also stipulated an aggregate alternative sentence of a four-year prison term subject to an eighteen-month period of parole ineligibility, if defendant was terminated from Drug Court prior to completing the probationary term.

During the plea hearing, defendant testified he initialed and signed the standard plea form, and signed the supplemental plea forms for drug offenses and mandatory sentence to special probation. He acknowledged his attorney reviewed the plea forms with him and answered his questions, and that his answers to the questions on the forms were truthful. Defendant further acknowledged he wished to plead guilty and understood: the rights he would give up by pleading guilty; the charges he was pleading guilty to; the maximum sentencing exposure he faced; and the fines and penalties that would be imposed.

Defendant also acknowledged he understood the terms of the plea agreement, he had enough time to review the agreement and its consequences with his attorney, and was satisfied with his attorney's services. When asked if he initialed and signed the plea forms voluntarily without being forced or threatened to do so, defendant answered in the affirmative. He also indicated that no promises were made to him beyond the terms of the plea agreement.

Defendant provided a detailed factual basis for his plea. He acknowledged being in possession of heroin and Alprazolam, that he did not have a prescription for the Alprazolam, that he knew it was illegal to possess those drugs, and that he attempted to swallow the Alprazolam pills so the

4

officer could not charge him with possession of the pills. The trial court accepted the guilty plea and scheduled sentencing for April 28, 2017.

On March 28, 2017, defendant was charged with first-degree robbery and related weapons offenses arising out of a separate incident. Because the new charges made defendant ineligible for participation in Drug Court, the sentencing on the CDS and evidence tampering charges was held in abeyance pending the outcome of the robbery and weapons charges.

Defendant was acquitted of the robbery and weapons charges in March 2018. Defendant then moved to withdraw his guilty plea on the CDS and evidence tampering charges. Defendant argued he should be permitted to withdraw from the plea agreement because his reasonable expectations under the agreement were not being met due to the accrual of significant additional jail credit. When defendant entered into the plea agreement, he had accrued sixty-seven days of jail credit. He was incarcerated during the pendency of the robbery charge. At the time of the motion hearing defendant had accrued 433 days of jail credit.

Defendant further argued his plea was not knowing or voluntary because he could not have anticipated the subsequent changed circumstance at the time he entered into the plea agreement. Defendant also contended the accrual of the additional jail credit provided him no benefit on the recommended Drug

Court Probationary sentence, making trial a more favorable option. Defendant asserted he should be allowed to withdraw his guilty plea in the interests of justice due to the change in his jail credits. Defendant also argued the factors articulated in State v. Slater, 198 N.J. 145, 157-58 (2009), did not apply, and he need not demonstrate a colorable claim of innocence if the pleas were not knowing and voluntary.

The State opposed the motion, arguing defendant was subject to mandatory Drug Court sentencing pursuant to N.J.S.A. 2C:35-14.1(b) if convicted of the CDS charges. The State noted defendant was thirty-four years old and had nine prior criminal convictions and a lengthy juvenile record, much of which involved CDS offenses. The State contends defendant is eligible for Drug Court under the nine factors outlined in N.J.S.A. 2C:35-14(a). A Treatment Assessment Services for the Courts evaluation found defendant in need of intensive outpatient substance abuse treatment. The State also noted the goal of Drug Court is to provide substance abuse treatment to defendants who commit crimes because of their drug dependency, thereby reducing the likelihood they will reoffend.

The trial court noted defendant was subject to mandatory Drug Court sentencing if convicted at trial, and could receive a significantly higher alternate sentence than recommended under the plea agreement. Defense

counsel acknowledged defendant could be sentenced to an extended term of up to ten years, but contended extended terms were fairly rare in third-degree possession cases for defendants with no violent history.

The trial court initially rejected defendant's contention his reasonable expectations at the time of the plea could not be upheld, but later stated: "nonetheless, if Mr. Williams wants to withdraw his plea, I am going to find his reasonable expectations are not met." The trial court then stated: "If Mr. Williams believes that it is somehow to his benefit to go to trial and run the risk of [a] Drug Court sentence, with a significantly higher alternative sentence, then there must be an asserted colorable claim of innocence somewhere or he would not take that position." The trial court granted the motion and scheduled the case for a pretrial conference.

We granted the State's motion for leave to appeal. The State argues the trial court order should be reversed in the interest of justice. We agree.

"[A] plea may only be set aside in the exercise of the court's discretion." Slater, 198 N.J. at 156 (citing State v. Simon, 161 N.J. 416, 444 (1999)). "[T]he burden rests on defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits, so the trial judge is able to determine whether fundamental fairness

requires a granting of the motion." State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 16 (App. Div. 1974)).

We review the grant or denial of a motion to withdraw a plea for abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015) (citing State v. Lipa, 219 N.J. 323, 332 (2014)). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Service, 779 F.2d 1260, 1265 (7th Cir.1985)). We find that to be the case here.

Rule 3:9-3(e) provides "the defendant shall be permitted to withdraw the plea" if the trial court "determines that the interests of justice would not be served by effectuating the agreement reached by the prosecutor and defense counsel." In Slater, the Court adopted the following four-prong test for trial courts to use in determining whether the defendant has met his burden for relief: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 157-58. "No single Slater factor is dispositive; 'if one is missing, that does not

automatically disqualify or dictate relief.'"  State v. McDonald, 211 N.J. 4, 16-17 (2012) (quoting Slater, 198 N.J. at 162).

Defendant claims that due to the subsequent change in circumstances, he did not enter his plea knowingly and voluntarily.  We reject defendant's contention that the trial court should consider later accrual of additional jail credit, which has no bearing on the underlying facts of the case or guilt or innocence of the charges, when determining if the plea was entered knowingly and voluntarily.  Instead, that determination focuses on the circumstances as they existed at the time the plea was entered.  In this case, considering the totality of the circumstances as they existed at the time of the plea hearing, there is no question that defendant knowingly and voluntarily entered into the plea agreement and pleaded guilty to the three charges.  It is also clear that defendant gave an adequate factual basis for his pleas.  Therefore, defendant's motion is subject to Rule 3:9-3(e) and its interpretive case law.

The trial court found the first Slater factor applied because "there must be a colorable claim of innocence since defendant could be sentenced to a significantly higher alternate sentence if convicted at trial."  We reject this analysis.  Defendant admittedly did not present a colorable claim of innocence. Exposing oneself to a significantly higher sentence does not equate to a colorable claim of innocence.

The trial court also found the second <u>Slater</u> factor applied. The second factor "focuses on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." <u>Slater</u>, 198 N.J. at 159. One such reason is "defendant's reasonable expectations under the plea agreement were not met." <u>Ibid.</u>

The trial court found defendant's reasonable expectations under the plea agreement were not met due to the unanticipated accrual of significant additional jail credit. We disagree. The plea agreement recommended a five-year Drug Court probationary term with an alternative sentence of a four-year prison term subject to an eighteen-month period of parole ineligibility, if defendant were terminated from Drug Court. The additional accrual of jail credit during the time sentencing was delayed did not alter the State's position or lead to the trial court indicating it would not honor the terms of the agreement. The plea agreement the State seeks to enforce is exactly what defendant agreed to and fulfills his reasonable expectations as they existed at the time of the plea hearing. Defendant's reasonable expectations are met by enforcing the plea agreement, not by setting it aside as a result of future developments he could not have anticipated. The subsequent accrual of

additional jail credit that makes the risk of going to trial more palatable is not a valid reason for setting aside a guilty plea.

The trial court did not address the third and fourth <u>Slater</u> factors. Defendant's plea was entered pursuant to a plea agreement. "The third <u>Slater</u> factor, the existence of a plea agreement, is not 'given great weight in the balancing process' because it applies to the vast majority of criminal cases." <u>McDonald</u>, 211 N.J. at 24 (quoting <u>Slater</u>, 198 N.J. at 161). As to the fourth factor, the State argues the memory of witnesses would not be as fresh now that over two years have passed since the incident occurred. While that is generally true, we note the State does not allege witnesses have become unavailable or that evidence has become lost or deteriorated. We do not give the fourth factor great weight.

In sum, we find the trial court abused its discretion in granting defendant's motion to withdraw his guilty plea. The plea was entered knowingly and voluntarily. The subsequent, unanticipated accrual of jail credit did not provide a sufficient basis for withdrawal of the guilty pleas "in the interests of justice."[1]

Reversed and remanded for sentencing. We do not retain jurisdiction.

---

[1] We express no opinion as to jail credits defendant is entitled to receive.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12