**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2243-18T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

REINIS GURVICS,

     Defendant-Respondent.

_____

> Submitted August 1, 2019 – Decided August 7, 2019
>
> Before Judges Whipple and Firko.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-01-0224.
>
> Esther Suarez, Hudson County Prosecutor, attorney for appellant (Alanna M. Jereb, Assistant Prosecutor, on the brief).
>
> Michael J. Pastacaldi, attorney for respondent.

PER CURIAM

On leave granted, the State appeals from a December 5, 2018 order of the Law Division granting defendant Reinis Gurvics's motion to withdraw his guilty plea. We are constrained to reverse.

In 2008, police witnessed a man suspected to be in possession of a controlled dangerous substance (CDS) enter defendant's car. The police pulled defendant over and saw four bricks of heroin on the center console and several more on the passenger's lap. Both men were arrested, and defendant was charged with one count of third degree CDS possession, N.J.S.A. 2C:35-10(a)(1); one count of second degree CDS distribution, N.J.S.A. 2C:35-5(b)(3); one count of third degree of distribution within 1000 feet of a school, N.J.S.A. 2C:35-7; and one count of fourth degree distribution within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1.

On October 29, 2010, defendant, a permanent resident born in Latvia, pled guilty to one count of third degree possession with the intent to distribute heroin within 1000 feet of a school zone, N.J.S.A. 2C:35-7. During his plea colloquy, defendant was asked if he "would have given the [CDS] to somebody else[.]" Defendant initially answered "no," but upon further questioning, admitted he intended to distribute the CDS.

The plea judge asked defendant if he could read and write in English and defendant answered yes. The judge asked defendant if he was a United States citizen and defendant testified he was not a citizen but had a green card. The judge informed defendant he could be subject to deportation as a result of the guilty plea. Counsel interjected and told the judge he discussed the issue with defendant. Defendant checked off question 17(c) on his plea form, indicating he was aware he could potentially be deported. Defendant testified he understood the plea agreement.

The court sentenced defendant on February 4, 2011. The State reported to the judge that defendant disputed the version of events contained in the presentence report, saying, "[s]ome part I do remember, some part I don't remember. I was intoxicated on beer and weed." However, during the sentencing hearing, defendant reaffirmed the factual basis previously given.

Defendant was sentenced to two years' probation and has since successfully completed his sentence. On April 25, 2018, defendant filed a petition for post-conviction relief (PCR) and a motion to withdraw his guilty plea because his conviction prompted the Department of Homeland Security to file removal proceedings on August 24, 2016. See 8 U.S.C. § 1227(a)(2)(A)(iii).

Defendant submitted two certifications in support of his petition. In the first petition, dated April 19, 2018, defendant asserted his plea counsel was ineffective because he did not advise him of the immigration consequences of his guilty plea. In the second certification, dated September 30, 2018, defendant asserted his trial attorney told him his co-defendant had given a statement implicating defendant, but his attorney turned out to be misinformed. Defendant claimed he relied on that representation in deciding to accept the plea deal and would otherwise not have pled guilty. Defendant also asserted that he was never advised he was entitled to a Latvian interpreter and his trial lawyer rushed through the plea forms, which he had difficulty understanding. He asked the PCR court to grant his petition and vacate the conviction for the matter to be restored to the trial calendar.

The PCR judge denied defendant's ineffective assistance of counsel claim, saying defendant's claims of ineffective assistance are "mere bald assertions" that did not require an evidentiary hearing and rejected defendant's assertion that he could not understand the proceedings at the time of his plea without a Latvian interpreter.[1]

---

[1] The judge also relaxed the PCR time-bar. R. 3:22-12(a)(1).

A-2243-18T4

However, the court granted defendant's plea withdrawal motion. The PCR judge applied the State v. Slater, 198 N.J. 145 (2009), factors and considered the discussion of the immigration consequences of defendant's plea during the plea colloquy to be the "central manifest injustice." She "wonder[ed]" if it was possible "that petitioner thought that he could only be deported during the term of his probation." The PCR judge afforded factor three of the Slater test little weight and found factor four, unfair prejudice to the State, to be insubstantial because the facts of the case were simple.

The State moved for leave to appeal, which we granted, and this appeal followed. The State raises the following argument:

> POINT I
>
> THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE DEFENDANT FAILED TO MEET THE HIGH STANDARD FOR POST-SENTENCING PLEA WITHDRAWAL UNDER [SLATER].

Granting a guilty plea withdrawal "is a matter within the broad discretion of the trial court." State v. Simon, 161 N.J. 416, 444 (1999).

> "[T]he trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." "A denial of a motion to vacate a plea is 'clearly erroneous' if the

evidence presented on the motion, considered in light of the controlling legal standards, warrants a grant of that relief." Our Supreme Court has found a mistaken exercise of discretion in denying a motion to withdraw a plea where the court exercised a "clear error of judgment."

[State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div. 2014) (quoting Simon, 161 N.J. at 444; State v. Munroe, 210 N.J. 429, 448 (2012); and State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009))].

"A motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1; see also Slater, 198 N.J. at 156 (explaining that a defendant seeking to withdraw a plea following sentencing "must show [his or her] conviction was manifestly unjust"). A defendant's burden of proof in a motion to withdraw a guilty plea increases the longer the delay in bringing the motion because "the court weighs more heavily the State's interest in finality and applies a more stringent standard." O'Donnell, 435 N.J. Super. at 370 (quoting State v. Norman, 405 N.J. Super. 149, 160 (App. Div. 2009)). If a motion to withdraw a guilty plea is made after sentencing, the movant must show a "manifest injustice." Id. at 368 (quoting R. 3:21-1).

Although a PCR petition and plea withdrawal motion may overlap, "a court must nonetheless view the applications separately, and must avoid

conflating the two." Id. at 371. "While such a defendant might have no viable claim for PCR based on ineffective assistance, he or she conceivably could have a viable plea withdrawal motion, based on a colorable claim of innocence and compelling reasons for seeking withdrawal." Ibid.

A trial judge reviewing a plea withdrawal motion should balance the following factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58. "Consideration of a plea withdrawal request can and should begin with proof that before accepting the plea, the trial court followed the dictates of Rule 3:9-2." Id. at 155. The Rule requires the court to determine if "there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea." Ibid. (quoting R. 3:9-2). The analysis of a plea withdrawal application, however, "cannot end there." Ibid.

When a defendant alleges he or she accepted a plea bargain without full information, the court should "consider[] whether the defendant reasonably

7

would have made a different choice had the State conveyed the missing . . . information."  State v. O'Driscoll, 215 N.J. 461, 477 (2013).  If the defendant alleges he or she would not have pled guilty if he or she had been aware of the immigration consequences, the defendant must put forward facts tending to show the information would have changed their plea decision.  See, e.g., State v. Johnson, 182 N.J. 232, 244 (2005) ("[D]efendant must demonstrate how the omission of information about [the No Early Release Act] materially affected his decision to plead guilty.").

Here, the PCR judge's analysis of the Slater factors are unsupported by the record and inconsistent with her finding that defendant's certification contained "mere bald assertions."  In considering the first Slater factor, "a court should not decide the likelihood of the defense prevailing.  Rather, the issue is whether defendant raised a colorable claim of innocence that should rightly have been decided by a jury."  O'Donnell, 435 N.J. Super. at 373 (citation omitted) (quoting Munroe, 210 N.J. at 446).  Here, the PCR judge made no finding of a colorable claim of innocence.  Instead, the PCR judge inferred, based on the plea transcript and arguments raised in defendant's PCR brief without evidential support, that defendant intended to contest liability but was convinced by his plea counsel to accept the plea.  The PCR judge noted that in the plea transcript

defendant initially alleged he had no intent to distribute; however, she ignored defendant's subsequent statement under oath that he did intend to distribute and she made no particular finding that "specific, credible facts . . . buttress[ed] [defendant's] claim." Slater, 198 N.J. 158. The PCR judge essentially speculated, without sworn testimony, that defendant's plea counsel pressured him into accepting the guilty plea.

"The second factor 'focuses on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force.'" State v. Williams, 458 N.J. Super. 274, 282 (App. Div. 2019) (quoting Slater, 198 N.J. at 159). "One such reason is 'defendant's reasonable expectations under the plea agreement were not met.'" Ibid. (quoting Slater, 198 N.J. at 159). In his certification, defendant asserted his plea counsel "failed to appropriately advise [him] of the immigration consequences of [his] guilty plea[.]" Yet, nowhere in the record does defendant state, specifically, that he did not fully understand that by pleading guilty he could face deportation. Nevertheless, the PCR judge "wonder[ed] if . . . [defendant] thought that he could only be deported during the term of his probation" despite also finding "[defendant] was well aware from his plea form that he could be deported based on his guilty plea."

We discern nothing in the record tending to show defendant did not understand the immigration consequences of his guilty plea. There is no sworn testimony wherein he asserts he received incorrect advice on his immigration status or that he did not fully understand he could be deported as a result of his guilty plea. Defendant was required to do more than make conclusory assertions that he did not understand he could be deported to overcome the fact that his plea form and the plea colloquy indicate otherwise. See O'Donnell, 435 N.J. Super. at 375 (requiring defendant to make more than a "bald assertion" to satisfy factor two); see also State v. Nunez-Valdez, 200 N.J. 129, 144 (2009) (requiring the question "if your plea of guilty is to a crime considered an aggravated felony under federal law you will be subject to deportation/removal" to be added to the plea form). The PCR judge's inference that based on the plea colloquy petitioner may have thought he could only be deported while he was on probation has no evidential basis in the record.

Having reviewed the record, we conclude the December 5, 2018 order granting defendant's motion to withdraw his plea was clearly erroneous and an abuse of discretion because the evidence presented on the motion, considered in light of the controlling legal standards, did not warrant a grant of that relief.

Reversed and remanded to the trial court to reinstate the conviction consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2243-18T4