**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1831-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MICHAEL L. SANTIAGO,

    Defendant-Respondent.

_____

Submitted June 7, 2021 – Decided June 21, 2021

Before Judges Rothstadt and Mayer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 20-02-0179.

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for appellant (Shari-Ann Sasu, Assistant Prosecutor, of counsel and on the brief, and Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

By way of leave granted, the State appeals from a January 28, 2020 order allowing defendant to withdraw his guilty plea. We affirm.

We summarize the relevant facts. On December 8, 2019, officers from the Vineland Police Department responded to a reported stabbing. Upon arrival, an officer spoke to the victim L.S. (Smith).[1] Smith, who suffered several stab wounds to his torso, told the police he was asleep and heard a knock at the door. When Smith opened the door, a man pushed his way inside and "started swinging at [Smith] with a knife in his hand." Smith punched the assailant, knocking him to the ground and causing him to drop the knife. Smith retrieved the knife, and the assailant fled.

Smith described the assailant as "a Hispanic male wearing a denim jacket and jeans who he kn[ew] as 'Kahuna.'" An officer at the scene identified defendant as Kahuna and showed Smith a photograph of defendant. Smith confirmed the man in the picture was his attacker.

The police issued a warrant for defendant's arrest on the following charges: attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1); aggravated assault, N.J.S.A. 2C:12-1(b)(1); unlawful possession of a weapon,

---

[1] We use a pseudonym to protect the identity of the victim. R. 1:38-3(c)(6).

N.J.S.A. 2C:39-5(d); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); burglary, N.J.S.A. 2C:18-2(a)(1); and aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2). The day after the stabbing incident, defendant voluntarily presented himself to the police and was arrested.

On February 19, 2020, a grand jury indicted defendant for third-degree aggravated assault, (count one); fourth-degree unlawful possession of a weapon, (count two); third-degree possession of a weapon for an unlawful purpose (count three); and third-degree burglary, (count four).

On March 9, 2020, defendant pleaded guilty to count one in exchange for dismissal of the remaining counts.[2] The State also agreed to recommend defendant be sentenced to five years' probation.

Based on the closure of New Jersey courts due to COVID-19, defendant's sentencing hearing was postponed several times. On December 1, 2020, prior to sentencing, defendant filed a motion to withdraw his guilty plea. Defendant, maintaining his innocence, claimed he pleaded guilty because he "did not want to continually sit in jail for an undetermined amount of time." He further asserted the victim made statements to various people, admitting "[the victim]

---

[2] Defendant remained in custody from December 9, 2019, the date his arrest, until March 9, 2020, the date of his guilty plea.

knew that it was not [defendant] who stabbed him."[3]  The State opposed the motion.

On December 8, 2020, the judge heard counsels' arguments on the motion. The judge decided "to adjourn both the sentencing and the motion for a period of [forty-five] days in order to allow the State or the defense to have contact with [the victim] to determine whether or not he continue[d] to be a viable complaining witness."

The motion hearing reconvened on January 28, 2021.  During the adjournment period, neither party located the victim.  The judge, understanding "[a] rational person could [plead guilty] while still claiming innocence" to avoid imprisonment, recognizing defendant's assumption of risk "by walking away from a probationary sentence," and hesitating "to take a guilty plea from an innocent person," granted defendant's plea withdrawal in the interests of justice pursuant to Rule 3:9-3(e).  While the judge found the matter was a "close case" and both parties "made perfectly logical and correct legal arguments," he acknowledged "in a close case[,] the scales usually tip in favor of the defendant." He also noted withdrawal of the guilty plea was "a big roll of the [dice] for this

---

[3] The record is unclear whether defendant learned of the victim's recanting before or after his guilty plea.

A-1831-20

defendant. Because [the judge] suspect[ed] if [he] withdr[e]w [the] guilty plea that the State [wa]s never going to give [defendant] a probationary offer again." The judge's decision was "tempered by the fact that prior to sentencing[,] courts should exercise their discretion liberally to allow pleas to be withdrawn, notwithstanding the fact that . . . defendant[s are told y]ou can't change your mind."

In analyzing the factors under State v. Slater, 198 N.J. 145, 157-58 (2009), the judge concluded "defendant has . . . at least provided some plausible basis for the request. And the plausible basis is that his attorney can't find the complaining witness and that he has been told . . . the complaining witness has since recanted . . . ." Regarding the nature and strength of defendant's reasons for withdrawing the plea, while the judge did not know why defendant sought to withdraw his plea, the judge noted there "was a plea bargain. It was advantageous to the defendant." On the fairness or prejudice to either party, the judge, citing the interests of justice standard governing pre-sentence withdrawal applications, explained he never "want[ed] to take a guilty plea from an innocent person."

The State filed a motion for leave to appeal which we granted. On appeal, the State argues the judge "misapplied the law, considered irrelevant and

inappropriate information, and abused [his] discretion" in granting defendant's plea withdrawal motion. According to the State, defendant failed to satisfy Slater because: (1) he offered a "bald assertion of innocence"; (2) defendant's desire to be released from custody was an insufficient reason to plead guilty; (3) the existence of a plea agreement was an insignificant factor; (4) the State was prejudiced by the withdrawal because the key witness was no longer available; and (5) "[t]he State has an interest in the finality of its guilty pleas." We reject the State's arguments.

We review a decision on a motion to withdraw a guilty plea for abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015). An abuse of discretion "arises when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Williams, 458 N.J. Super. 274, 280 (App. Div. 2019) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Before sentencing, a judge reviewing a plea withdrawal applies "the interests of justice" standard. R. 3:9-3(e); State v. Howard, 110 N.J. 113, 123-24 (1988). "[C]ourts are to exercise their discretion liberally to allow plea withdrawals." Slater, 198 N.J. at 156. When a trial court decides a motion to vacate a guilty plea, the court must consider "(1) whether the defendant has

asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157-58. While "[t]rial courts should consider and balance all of the factors[, n]o factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." Id. at 162.

Here, the judge properly applied the Slater factors in granting defendant's motion to withdraw his guilty plea.

Under factor one, defendant raised a colorable claim of innocence. A colorable claim of innocence "rests on 'particular, plausible facts' that, if proven in court, would lead a reasonable factfinder to determine the claim is meritorious." State v. Munroe, 210 N.J. 429, 443 (2012) (citing Slater, 198 N.J. at 158-59). The judge concluded the inability to locate the victim added plausibility to defendant's claim the victim recanted his statement identifying defendant as the assailant. The judge did not need to find defendant had a winning argument, only that defendant's argument was plausible. Slater, 198 N.J. at 159 ("Courts are not to conduct a mini-trial. . . . They should simply

consider whether a defendant's assertion of innocence is more than blanket, bald statement and rests instead on particular, plausible facts.").[4]

Under factor two, defendant had reasons for withdrawal of the plea. As the judge aptly noted, whatever the reasons for defendant's withdrawal of the plea, the judge could not rely on skepticism as a basis for rejecting the motion. Slater, 198 N.J. at 160. ("In assessing the nature and strength of the reasons for withdrawal, courts should not approach them with skepticism.").

Under factor three, a plea deal had been reached. However, a plea deal has minimal weight in a trial court's Slater analysis. Id. at 161. ("We recognize that the vast majority of criminal cases are resolved through plea bargains and do not suggest that this factor be given great weight in the balancing process."). The judge did not give significant weight to the existence of defendant's plea agreement other than noting the plea was advantageous to defendant.

---

[4] In the presentence report, defendant stated, "the account of events the victim reported was not accurate," and the victim "changed his story several times about what happened at the time of the offense." In ruling on the motion, the judge expressly noted "the facts d[id not] make a lot of sense on a number of levels." The inconsistent facts further bolstered defendant's colorable claim of innocence and plausibility of his argument.

A-1831-20

Under factor four, the State was not unfairly prejudiced by the plea withdrawal. Although the judge made no express finding regarding factor four, the State never presented the arguments raised on appeal to the motion judge.

For the first time on appeal, the State claims, "an interest in the finality of its guilty pleas, particularly where trials are suspended for the foreseeable future due to the COVID-19 pandemic." However, the State fails to explain why an interest in the finality of guilty pleas overrides a defendant's ability to withdraw a plea where the defendant proffers evidence in support of the Slater factors.

Additionally, the State asserts prejudice based on the inability to locate the victim. While the inability to locate a witness may result in prejudice, the State was unable to locate the victim prior to the March 2020 plea hearing. The State's claimed prejudice remained unchanged since the date of defendant's guilty plea and therefore the State failed to demonstrate prejudice under the fourth prong.

In considering motions to withdraw a plea, trial judges have broad discretion. Under Slater, judges are encouraged to exercise that discretion and balance the factors as appropriate. Despite the matter presenting a "close case," "the interests of justice" standard, Rule 3:9-3(e), warranted allowing defendant

to withdraw his guilty plea.  Having reviewed the record, we are satisfied the judge did not abuse his discretion in granting defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1831-20